**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **v.** | |
| **JOHN DOUGLAS BURCH** | **NO.  24-23** |

**<u>MEMORANDUM</u>**

**HODGE, J.**                                                                                   **March 30, 2026**

Before the Court is the Government's Motion *in Limine* to admit certain evidence under Federal Rule of Evidence 404(b) (ECF No. 43) (the "Motion"), and Defendant John Burch's ("Defendant") opposition thereto (ECF No. 76). For the reasons that follow, the Motion is granted in part and denied in part.

On January 18, 2024, a federal grand jury returned a four-count indictment ("Indictment") charging Defendant with violations of 18 U.S.C. §§ 2422(b) and 2423(b). Count One alleges the Defendant caused a minor female, who was between the ages of 14 and 17 ("Minor 1"), to produce and transmit sexually explicit videos and images depicting Minor 1. Count Two alleges Defendant directed Minor 1 to engage in commercial sex acts with various men in Pennsylvania and caused Minor 1 to create visual depictions of the sex acts to transmit to Defendant as proof that she engaged in the conduct. Counts Three and Four charge Defendant with traveling from California to Pennsylvania in 2014 and 2015, respectively, and sexually assaulting Minor 1 at a hotel in West Conshohocken, Pennsylvania.

## I.    PROFFERED EVIDENCE[1]

As described in this Court's prior opinion (ECF No. 67), Minor 1 reported that Defendant coerced her to send him sexually explicit videos, and later coerced her to go to places such as a local mall in Montgomery County, Pennsylvania where she would meet men and engage in sex acts per Defendant's instructions. (ECF No. 67 at 3.) She further reported being raped by Defendant at a hotel in West Conshohocken in 2014 and 2015, when she was fourteen and fifteen years old. (*Id.*)

At trial, the Government intends to rely in part on testimony from Minor 1, who will testify that Defendant coerced and persuaded her into (1) creating and transmitting child sexual abuse material ("CSAM") of herself, and (2) engaging in commercial sex acts at Defendant's direction. (ECF No. 43 at 4.) The Government further provides that Minor 1 will testify that Defendant used "psychological pressure in furtherance of the abuse by imposing upon Minor 1 a 'training program' purportedly designed to enhance Minor 1's desirability to men and to combat Minor 1's low self-esteem." (*Id.*) She will also testify that the "training program" involved punishment if she did not follow the "program," including requiring Minor 1 to view images and videos of CSAM. (*Id.* at 6.)

At issue in this Motion are two categories of proffered evidence: (1) portions of seven separate exchanges of chats and voice messages between Burch and other parties over Telegram and Snapchat, dated between December 2022 and January 2024, spanning 2199 pages; and (2) descriptions of five CSAM images to be read by the FBI case agent.

The chat and voice message conversations include the following:

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

1. Telegram chat and voice conversations (12 total) with screenname "Ella" ("J.B."), an adult woman, between September 24, 2023 and December 27, 2023.[2]

2. Snapchat conversation with "Allie," purportedly a sixteen-year-old girl,[3] between October 17, 2023 and January 15, 2024.

3. Telegram chat conversation with "Lizz," a female of unknown age, between April 19, 2023 and November 29, 2023.

4. Telegram chat conversation with "Bella," a nineteen-year-old woman, between December 3, 2022 and December 4, 2022.

5. Telegram chat conversation with "Ollivia," a seventeen-year-old girl, between December 13, 2022 and December 15, 2022.

6. Telegram chat conversation with screenname "35876325313," ("UMF1") a minor girl of unknown age, between April 11, 2023 and April 14, 2023.

7. Telegram chat conversation with screenname "36292289177, ("UMF2"), a minor girl of unknown age, between April 12, 2023 and April 15, 2023.

The five CSAM image descriptions, which the government seeks permission for the FBI agent to read, all involve prepubescent children. (ECF No. 43 at 43–44.) These images were downloaded to Defendant's phone between October and November 2023. (*Id.* at 6.)

## II.    DISCUSSION

"[T]he prosecution is entitled to prove its case by evidence of its own choice." *Old Chief v. United States*, 519 U.S. 172, 186 (1997). However, the Government's choice remains subject to the Federal Rules of Evidence.

At issue in the present Motion, Federal Rule of Evidence 404(b) provides, in relevant part:

*(1) Prohibited Uses.*

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

---

[2] The Government also intends to offer testimony from J.B. at trial. (ECF No. 43 at 5.)

[3] The image associated with this profile was a real minor girl who was approximately sixteen years old in 2023. The FBI learned that she was not the person behind the account or the chats with Defendant, but rather, someone else was using her image and pretending to be a minor girl.

**(2) Permitted Uses; Notice in a Criminal Case.**

> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The purpose of this rule is "simply to keep from the jury evidence that the defendant is prone to commit crimes or is otherwise a bad person, implying that the jury needn't worry overmuch about the strength of the government's evidence." *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010) (quoting *United States v. Taylor*, 522 F.3d 731, 735–36 (7th Cir. 2008)). The Third Circuit has referred to the rule as "inclusionary" because it allows other-act evidence to be used for any purpose other than propensity. *See United States v. Repak*, 852 F.3d 230, 240–41 (3d Cir. 2017). However, it can similarly be described as "a rule of general exclusion" because other-act evidence is excluded *unless* the proponent can demonstrate it is admissible for non-propensity purposes. *Id.* Additionally, Rule 404(b) makes no distinction between acts that are prior to or subsequent to the conduct charged in the indictment. *United States v. Bergrin*, 682 F.3d 261, 281 n.25 (3d Cir. 2012).

Prior or subsequent bad act evidence must satisfy a four-part test to be admissible under Rule 404(b)(2). Specifically, the evidence must be: (1) offered for a proper Rule 404(b) purpose for admission that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative such that its probative value is not outweighed by undue prejudice; and (4) accompanied by limiting instructions, if requested. *See United States v. Caldwell*, 760 F.3d 267, 276–77 (3d Cir. 2014).

Rule 401 provides that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. For evidence subject to Rule 404(b) to be relevant, "it must fit into an inferential chain 'no link of which is a forbidden propensity inference.'" *United States v.*

*Caesar*, 582 F. Supp. 3d 216, 224 (E.D. Pa. 2022) (quoting *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017)).

"[T]he possibility that evidence will cause unfair prejudice does not automatically justify exclusion; rather, that risk must substantially outweigh the probative value of the evidence." *United States v. Long*, 92 F.4th 481, 488 (3d Cir. 2024). The Third Circuit in *Long*, a CSAM possession case, charged the district court on remand to consider whether the emotional impact of the evidence stems from the disturbing nature of the alleged crime, or an extraneous concern. "After all, Rule 403 'does not protect defendants from devastating evidence in general.'" *Id.* at 489 (quoting *United States v. Heatherly*, 985 F.3d 254, 266 (3d Cir. 2021)). The Court need not "scrub the trial clean of all evidence that may have an emotional impact." *United States v. Cunningham*, 694 F.3d 372, 391 (3d Cir. 2012) (quoting *United States v. Ganoe*, 538 F.3d 1117, 1124 (9th Cir. 2008)).

There is no requirement in the Third Circuit that the other act evidence be close in time to the charged offense. While evidence closer in time may have a higher probative value, *see United States v. Bedell*, No. 08-cr-299, 2009 WL 10678900, at *3 (M.D. Pa. Mar. 24, 2009), "[t]here is no absolute maximum number of years that may separate a prior act and the offense charged," and courts have admitted evidence of prior acts more than ten years old. *See United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) (collecting cases).

### A.    Seven Chat Threads

The Government seeks to offer seven threads of chat and voice messages to prove Defendant's knowledge and intent to use the Internet to persuade minor females, similarly situated to Minor 1, to engage in sexual activity and manufacture CSAM as alleged in Counts One and Two of the Indictment. Further, the Government seeks to offer these exhibits to prove Defendant's

motive and *modus operandi* to "train" and recruit minor females, like Minor 1, to engage in sexually explicit conduct as charged in Counts One and Two. The Government further submits that these chat messages are probative of Defendant's intent to commit the sexual assault of Minor 1 as charged in Counts Three and Four because he directly referenced the sexual abuse of Minor 1 in multiple chats and boasts about raping minor girls. In response, Defendant argues that the probative value of this evidence is minimal because the government possesses alternative, less prejudicial means of proving its case through the testimony of Minor 1.

The first two elements of both Counts One and Two require the Government to prove that Defendant used a facility of interstate commerce, and that Defendant knowingly persuaded or induced or enticed or coerced Minor 1 to engage in the offense charged in that Count—for Count One, to engage in sexual activity; for Count Two, to engage in prostitution. The second element of Counts Three and Four requires the Government to prove that Defendant acted with the intent to engage in illicit sexual conduct. Thus, for all four Counts, the Government is required to show that Defendant committed these acts alleged in the Indictment knowingly or intentionally.

The Court has reviewed each page of the selected chats that the Government attached to its Motion. The Court relies on the exhibit themselves rather than any descriptions given in this Opinion or in the Motion in applying the four-factor test to determine admissibility under Rule 404(b).[4] The selected chats are probative of Defendant's knowledge and intent to knowingly persuade or induce or entice or coerce the conduct charged in Counts One and Two. The chats support a modus operandi wherein Defendant uses a similar "script" or phrases or sexually profane

---

[4] Due to the nature of the evidence, the Court provides limited summary, which "should not be taken as a substitute for the actual [] evidence, which was far more explicit and which forms the basis for [the Court's] Rule 403 analysis." *United States v. Welshans*, 892 F.3d 566, 571 (3d Cir. 2018).

words in these chats. They are similarly probative of Defendant's intent to engage in the conduct charged in Counts Three and Four. For each individual chat, the probative value of these chats is not substantially outweighed by unfair prejudice—the emotional impact of this evidence stems directly from the disturbing nature of the Counts in the Indictment. *See Long*, 92 F.4th at 489. Moreover, even though the Government will introduce testimony from Minor 1, these chats remain probative of Defendant's knowledge and intent in the conduct Minor 1 will testify to, which the Government is required to prove in its case. While there is a time gap between the conduct alleged in the Indictment and the chat conversations, the Court finds that the probative value of the evidence is not diminished. They are thus properly admissible under Rule 404(b). *See, e.g.*, *United States v. Hite*, 916 F. Supp. 2d 110, 121 (D.D.C. 2013) (admitting evidence of separate online chats as probative of a defendant's intent to entice or coerce minors, and collecting cases holding similarly).

However, while each chat individually meets the requirements for admission under 404(b), Rule 403 provides that the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is deemed cumulative when "evidence on one side is so full that no jury that rejected it would be likely to change its mind because of the introduction of the proffered evidence." *Bergrin*, 682 F.3d at 280 n.23 (quoting *United States v. Brown*, 597 F.3d 399, 406 (D.C. Cir. 2010)). Having reviewed the entirety of the Government's exhibit with the seven chats, the Court finds that were the Government to introduce the entirety of the second, third, fourth, fifth, sixth, and seventh chat conversations, there would reach a point at which the evidence is needlessly cumulative. Thus, the order accompanying this memorandum directs the Government to present

the excerpts it proposes introducing at trial so the Court can make a Rule 403 determination based on the evidence collectively.

### B.      CSAM Image Descriptions

The Government seeks to offer descriptions of five CSAM images that are among the three hundred images recovered from Defendant's cellphone upon execution of the search warrant in 2024. The Government seeks to admit these descriptions to prove Defendant's knowledge and intent to commit Count One. Specifically, as part of the alleged "training program," Minor 1 will testify that a "consequence[] of being 'disobedient' would be for Minor 1 to endure watching child pornography." (ECF No. 43 at 42.) The Government asserts that the existence of CSAM on Defendant's cellphone is probative of his knowledge and intent to commit Count One, and specifically of his intent to coerce and persuade Minor 1. Defendant argues that these descriptions of highly reprehensible content generate disgust to the extent that the danger of unfair prejudice obliterates the probative value.

The Court has reviewed the descriptions in the Motion (ECF No. 43 at 42) and considered those descriptions in applying the four-factor test. The relevance of these particular descriptions to the issues in the case is lesser—while the Government will likely need to show some level of CSAM possession by Defendant to support Minor 1's testimony of coercion, the Government has not shown that the descriptions of prepubescent CSAM is relevant. Further, these images were downloaded to Defendant's cellphone in 2023. While Defendant's possession of CSAM on his cellphone is probative of his knowledge and intent to possess CSAM, the content of these five images is of less relevance because the Government does not purport that Minor 1 was forced to view these specific images. The Court is guided by *Long*, where the Third Circuit noted that "[i]f the jurors feel disgust towards Long based on a belief that he intentionally collected child

pornography, they are judging him for committing the charged offense." 92 F.4th at 489. The defendant in *Long* was charged with possession of prepubescent CSAM. Defendant here is not facing such a charge. As such, any emotional reaction generated by these descriptions is not connected to the disturbing nature of the alleged offenses in the Indictment. The Court therefore finds that any probative value of these descriptions is outweighed by unfair prejudice, and the evidence is therefore not admissible pursuant to Rule 403.

## III.    CONCLUSION

For the foregoing reasons, the Government's Motion is granted as to the chat messages attached as exhibits to the Motion. The Motion is denied as to the descriptions of the CSAM images. An appropriate Order follows.

BY THE COURT:

**/s/ Hon. Kelley B. Hodge**

_____

**HODGE, KELLEY B., J.**

9